IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

FREDDIE MOHLKE                                                                                                   PLAINTIFF

v.                                              No. 4:10CV01995 JLH

METROPOLITAN LIFE INSURANCE
COMPANY                                                                                                          DEFENDANT

## OPINION AND ORDER

Freddie Mohlke brings this action against Metropolitan Life Insurance Company to recover disability benefits that he alleges are due under the ERISA plan provided to him by his former employer, Eastman Chemical Company. MetLife is the Claims Administrator of the Eastman Long-Term Disability Plan and has the authority to determine eligibility for benefits under the Plan. Mohlke has moved for discovery. He has asked for an order allowing the deposition of the individuals who reviewed his claims. He also seeks permission to pursue written discovery to evaluate MetLife's claims handling procedures, training materials, and salary structure, as well as documents related to the claim process and MetLife's prior interpretations of similar plans. Mohlke's motions will be granted in part and denied in part.

Where, as here, the plan administrator has the discretion to construe the plan's terms, the district court reviews the administrator's interpretation under an abuse of discretion standard. *Jones v. ReliaStar Life Ins. Co.*, 615 F.3d 941, 944 (8th Cir. 2010). "In ERISA cases, the general rule is that review is limited to evidence that was before the administrator," and the burden is on the claimant to show why an exception should be made in the particular case. *Id*. at 445. The purpose of this rule is to "ensure expeditious judicial review of ERISA benefit decisions and to keep district courts from becoming substitute plan administrators." *Brown v. Seitz Foods, Inc.*, 140 F.3d 1198, 1200 (8th Cir. 1998).

Mohlke argues that the decision in *Metropolitan Life Insurance Company v. Glenn*, 554 U.S. 105, 128 S. Ct. 2343, 171 L. Ed. 2d 299 (2008), requires that discovery be permitted. The undersigned judge has already rejected the argument that *Glenn* changed the landscape with respect to discovery in ERISA cases. *Sanders v. Unum Life Ins. Co. of Am.*, No. 4:08CV00421, 2008 WL 4493043, at *3 (E.D. Ark. Oct. 2, 2008). Other district judges agree. *Williamson v. Hartford Life & Accident Ins. Co.*, No. 4:09CV00948, 2010 WL 993675 (E.D. Ark. Mar. 17, 2010); *Singleton v. Hartford Life & Accident Ins. Co.*, No. 4:08CV00361, 2008 WL 3978680, (E.D. Ark. July 29, 2008); *Christie v. MBNA Grp. Long Term Disability Plan*, No. 1:08CV44, 2008 WL 4427192 (D. Me. Sept. 25, 2008); *Achorn v. Prudential Ins. Co. of Am.*, No. 1:08CV125, 2008 WL 4427159 (D. Me. Sept. 25, 2008). The Eighth Circuit has yet to decide whether *Glenn* changes the discovery limitations in ERISA cases. *Chronister v. Unum Life Ins. Co. of Am.*, 563 F.3d 773, 775 n.2 (8th Cir. 2009).

Even if *Glenn* authorizes limited discovery to explore the nature and extent of a conflict or irregularity, Mohlke has offered no evidence nor even any allegations to show that a conflict of interest exists or that an irregularity occurred. MetLife does not have a *Glenn* conflict of interest in this case because the Plan is self-funded; that is, benefits are paid from a trust fund established by Eastman or from the general assets of the company. MetLife does not insure or fund the Plan. Thus, Metlife does not pay benefits out of its own pocket. *Cf. Chronister*, 563 F.3d at 775 (citing *Glenn*, 554 U.S. at 108, 128 S. Ct. at 2346).

As noted, Mohlke seeks discovery into MetLife's prior interpretations of similar plans, through depositions and other written discovery. Mohlke contends that he is entitled to discovery into MetLife's past interpretations of plans that have the same, or similar, language as the Plan so that he can ascertain whether MetLife's interpretation in his case is inconsistent with prior

interpretations of the same words. *See Jones*, 615 F.3d at 945.  Mohlke has provided no reason for believing that MetLife's interpretation of the Plan's provisions is inconsistent with MetLife's prior interpretations of the same words.  He has presented no factors specific to this case to show good cause for discovery.  *Cf. Williamson*, 2010 WL 997675, *1.  Mohlke's argument would allow such discovery in every ERISA action and thus would eviscerate the rule that discovery is generally prohibited in an ERISA action.  *Cf. Jones*, 615 F.3d at 945 (affirming district court's denial of plaintiff's discovery request despite recognizing that inconsistent interpretations are a factor in determining if the administrator abused its discretion).  Mohlke's request for discovery of documents relating to MetLife's prior interpretations of similar plans is denied.

Nevertheless, as the Court has previously recognized,[1] Mohlke is entitled to know whether the review conducted by MetLife in his case complied with MetLife's internal guidelines and policies, if such guidelines and policies exist.  Federal regulations provide that in the case of an adverse benefit determination on review, the plan administrator must provide copies of documents, records, and other information relevant to the claimant's claim for benefits.  29 C.F.R. § 2560.503-1(i)(5), (j)(3).  A document, record, or other information is relevant to a claim for benefits if it:

>  (i) Was relied upon in making the benefit determination;
>  (ii) Was submitted, considered, or generated in the course of making the benefit determination, without regard to whether such document, record, or other information was relied upon in making the benefit determination;
>  (iii) Demonstrates compliance with the administrative process and safeguards required pursuant to paragraph (b)(5) of this section in making the benefit determination; or
>  (iv) In the case of a group health plan or a plan providing disability benefits,

---

[1] *Sanders*, 2008 WL 4493043, at *4.

>constitutes a statement of policy or guidance with respect to the plan concerning the denied treatment option or benefit for the claimant's diagnosis, without regard to whether such advice or statement was relied upon in making the benefit determination.

29 C.F.R. § 2560.503-1(m)(8). Paragraph (b)(5) states:

>(b) Every employee benefit plan shall establish and maintain reasonable procedures governing the filing of benefit claims, notification of benefit determinations, and appeal of adverse benefit determinations (hereinafter collectively referred to as claims procedures). The claims procedures for a plan will be deemed to be reasonable only if--
>
>* * *
>
>(5) The claims procedures contain administrative processes and safeguards designed to ensure and to verify that benefit claim determinations are made in accordance with governing plan documents and that, where appropriate, the plan provisions have been applied consistently with respect to similarly situated claimants.

29 C.F.R. § 2560.503-1(b)(5). If the administrator relies upon an internal rule, guideline, protocol, or other similar criterion in making the adverse determination, either the specific rule, guideline, protocol, or other similar criterion must be provided to the claimant. 29 C.F.R. § 2560.503-1(j)(5)(i). If any information covered by this regulation is not already included in the administrative record, MetLife is directed to provide it to Mohlke.

## CONCLUSION

Mohlke's motion for discovery is GRANTED IN PART and DENIED IN PART. Document #11. Mohlke's motion to stay response time and request for hearing is also GRANTED IN PART and DENIED IN PART. Document #19. The stay entered on April 26, 2011, is lifted.

The case will proceed on the following schedule:

(a) MetLife will provide Mohlke with the information required by section 2560.503-1 of Title Twenty-Nine of the Federal Regulations or a letter stating that all such information is already in the administrative record within twenty days of the date of entry of this Order.

(b)     Mohlke's brief must be filed within fourteen days thereafter;

(c)     MetLife's brief must be filed within fourteen days thereafter; and

(d)     A reply brief, if Mohlke wishes to file one, must be filed seven days thereafter.

IT IS SO ORDERED this 2nd day of September, 2011.

                                         J. LEON HOLMES
                                         UNITED STATES DISTRICT JUDGE